## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

06 FEB 17 PM 2: 23

OFFICE OF THE CLERK

| | |
|---|---|
| SUE E. SWAIM | Case No. 8:06CV58 |
| Plaintiff, | COMPLAINT |
| vs. | |
| CREIGHTON SAINT JOSEPH REGIONAL HEALTH CARE SYSTEM, L.L.C., A Limited Liability Company, d/b/a CREIGHTON UNIVERSITY MEDICAL CENTER, and TENET AMISUB, (SAINT JOSEPH HOSPITAL) INC., A Nebraska Corporation, Defendants. | |

For her Complaint, Plaintiff States:

### I.   PARTIES AND JURISDICTION

1.   That the Plaintiff, is a female person who resides at 5118 S. 194th St., Omaha, Douglas County, Nebraska.

2.   That the Defendant, Creighton Saint Joseph Regional Health Care System, L.L.C., d/b/a Creighton University Medical Center is a Delaware Limited Liability Company doing business in Douglas County within the state of Nebraska providing medical care to the public and whose registered agent is C T Corporations System, 301 S. 13th Street, Suite 500, Lincoln, NE. 68508, and Defendant, AMISUB(Saint Joseph Hospital) Inc., is A Nebraska Corporation doing business in Douglas County within the state of Nebraska providing medical care to the public and whose registered agent is C T Corporations System, 301 S. 13th Street, Suite 500, Lincoln, NE. 68508.

3.  Defendants are "employers" for purposes of the Civil Rights Act of 1964, the Americans with disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA) (Title VII), 2 USC § 1311, 42 USC § 2000e et seq.

## II.  FACTS AND CAUSE OF ACTION

3.  That Plaintiff is a 49–year old white, female with a disability who was hired by Defendants' on February 18, 2002, as Director of Perioperative Services. That in 2003 Plaintiff suspended, Barb Elliot, an Operating Room nurse for breaking company policy pursuant to a directive from Paul Stewart, Human Resources Director, who is a black male and non-disabled. As a result of the above-mentioned suspension four (4) doctors who worked at Defendants' facility demanded that Defendants' terminate the person who suspended Barb Elliot above-mentioned. Subsequently, Plaintiff was terminated from employment on October 6, 2003 by Defendants' one (1) week prior to a scheduled surgery for Plaintiff.

4.  That Plaintiff contends that her termination from employment with Defendants' is in violation of The Civil Rights Act of 1964, the Americans with disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA), (Title VII), 2 USC § 1311, 42 USC § 2000e et seq. in the following particulars:

a. Plaintiff was informed that her termination was due in part to low staff survey satisfaction scores, however, Plaintiff was never allowed access to these scores and subsequently found out that her satisfaction scores had increased positively . Additionally, since the survey above-mentioned, Defendants' hired two (2) individuals Dane Peterson to be my supervisor and Paulette Stoll as Operating Room manager both of whom are younger and less experienced than myself. Neither of these

individuals were held accountable for their low survey scores.

b. Defendants' stated that Plaintiff was terminated for alleged policy violations, performance management issues, and poor results from a follow-up survey in August 2003, however, the Nebraska Equal Opportunity Commission found that the evidence in that proceeding failed to substantiate or support Defendants' termination decision.

c. That at the time of Plaintiff's termination, Plaintiff was scheduled for neck surgery, the same week of her termination, which Defendants' were aware of. Plaintiff contends that her termination was directly related to Defendants' not having to pay for her surgery as Plaintiff was told her health insurance would terminate the day of her termination from employment, which was prior to her surgery.

d. That Plaintiff was directed by Paul Stewart, Human Relations Director, for Defendants' to suspend Barb Elliot, above-mentioned, pending an investigation for possible termination. When physicians became aware of the suspension they demanded reinstatement of Barb Elliot and termination of the person responsible for the suspension. Defendants' immediately reinstated Barb Elliot and terminated Plaintiff. Plaintiff was held accountable for the suspension of Barb Elliot even though Plaintiff was instructed to do the same by Defendants' Human relations Director.

5. That Defendants' engaged, as set out above, in discriminatory practices with malice and with reckless indifference to the federally protected rights of the aggrieved Plaintiff and as a result Plaintiff is entitled to punitive damages pursuant to 42 USC § 1981a (b) in addition to compensatory damages as set out.

  III.       **THEORY OF RECOVERY**

6. The facts alleged above in paragraphs 1-5 are incorporated by reference as

though fully set forth.

7.   As a 49-year old white, female with a disability, Plaintiff is a member of a "protected Class" for purposes of 42 USC § 2000e-2(a)(1).

8.   That as a direct and proximate result of Plaintiff's improper termination, Plaintiff has sustained lost wages in the amount of Sixty-thousand Three-hundred thirty-three dollars and thirty three cents ($ 60,333.33.), loss of 401K, loss of tuition reimbursement, and loss of health insurance from November 2003 to February 2004. As a further, direct proximate result of Defendant's actions above stated, Plaintiff has endured mental suffering and humiliation.

9.   That the actions of the Defendants' as above detailed have harmed and will continue to harm the Plaintiff.

## IV.   REQUEST FOR RELIEF

On the forgoing basis, Plaintiff requests an Order of the Court:

**a.**   Finding Plaintiff has fully satisfied her burden of proof establishing Defendants' violation of The Civil Rights Act of 1964, the Americans with disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA), (Title VII), 2 USC § 1311, 42 USC § 2000e et seq. as alleged in the Complaint;

**b.**   Finding and awarding Plaintiff for her monetary loss for the improper termination by Defendants' in the amount of Sixty-thousand Three-hundred thirty- three dollars and thirty three cents ($ 60,333.33.), for lost wages, loss of 401K, loss of tuition reimbursement, and loss of health insurance from November 2003 to February 2004, and that the Plaintiff recover their costs in this action, reasonable attorney fees, and

  c.  Finding that Defendants' engaged, as set out above, in discriminatory practices with malice and with reckless indifference to the federally protected rights of the aggrieved Plaintiff and as a result Plaintiff is entitled to punitive damages pursuant to 42 USC § 1981a (b)

  d.  All other appropriate relief.


**PLAINTIFF REQUEST TRIAL BY JURY IN OMAHA, NEBRASKA**

**DATED** this _17th_ day of February, 2006.

            SUE E. SWAIM,
            Plaintiff.

By: _____
George A. Sutera, #14109
SUTERA LAW OFFICE
424 S. 11th Street
Omaha, Nebraska 68102-2815
(402) 342-3100

Attorney for Plaintiff

**STATE OF NEBRASKA** )
                           ) ss.
**COUNTY OF DOUGLAS** )

SUE E SWAIM being first duly sworn upon her oath, deposes and states that she is the Plaintiff herein, that she has read the above Complaint, knows the contents thereof and that the statements contained therein are true as she verily believes.

_____
SUE E. SWAIM

SUBSCRIBED AND SWORN TO before me a Notary Public in and for said County, on this _17_ day of February, 2006.

GENERAL NOTARY - State of Nebraska
ROGER DURAND
My Comm. Exp. Nov. 7, 2006

_____
NOTARY PUBLIC